OPINION
HOWARD, District Judge.
Appellant Susan Hicks (“Hicks”) appeals the order of the district court granting summary judgment to appellee Star Imports. We affirm.
*224 I.
On April 28, 1998, Susan Hicks purchased an automobile from Star Imports. To finance the purchase, plaintiff and appellee entered into a form-based Retail Installment Contract (“RISC”). Included in the amount financed column of the RISC was a charge for “Vendor’s Single Interest Insurance” (“VSI”), along with the following clause:
* * * Vendor’s Single Interest Insurance: You are required to obtain this insurance. You may obtain this insurance from anyone of your choice that is acceptable to us. If you obtain this insurance from us, you will pay $85.00.
Hicks signed the RISC, and Star Imports included the $35.00 charge as part of the amount financed. Star Imports maintains that it assigned the RISC, along with the $35.00 VSI charge, to First Virginia Bank-Piedmont (“First Virginia” or “Bank”), who purchased VSI insurance covering Hicks’s automobile.
On April 7, 1999, appellant filed suit in federal court alleging violations of the federal Truth in Lending Act (“TILA”), 15 U.S.C. § 1601, and Virginia’s Consumer Protection Act. Hicks’s complaint alleged that Star Imports did not properly disclose the VSI charge as an element of the finance charge in violation of the TILA. Star Imports filed a third-party complaint against First Virginia. Hicks and Star Imports then filed cross-motions for summary judgment, and First Virginia filed a motion to dismiss the third-party complaint.
On June 9, 2000, United States District Court Judge Norman K. Moon of the Western District of Virginia granted Star Imports’s motion for summary judgment on Hicks’s TILA claim. After declining to exercise supplemental jurisdiction on Hicks’s state law claim, the district court dismissed the third-party complaint against First Virginia as moot.
Appellant appeals the district court’s summary judgment order. The standard for reviewing the district court’s grant of summary judgment is de novo. McGahren v. First Citizens Bank & Trust, 111 F.3d 1159, 1165 (4th Cir.1997).
II.
Congress passed the TILA “to assure the meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him.” 15 U.S.C. § 1601(a). The incorrect characterization of a charge in the amount-financed column under-reports the finance charge, and consequently lowers the annual percentage rate represented on a credit contract in violation of the TILA.
Single interest insurance for automobiles provides protection to a creditor if a debtor fails to secure insurance on his or her own. The TILA does not prohibit creditors from requiring borrowers to purchase single interest insurance. Instead, the TILA typically requires creditors to list single interest insurance as an element of the “finance charge.” 15 U.S.C. § 1605(c). However, the statute provides an exception allowing single interest insurance to be designated as part of the “amount financed” if the creditor meets the following conditions: 1) the creditor provides a “clear and specific statement in writing ... to the person to whom the credit is extended,” 2) “setting forth the cost of the insurance if obtained from or through the creditor,” and 3) “stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained.” Id.
The Federal Reserve Board, the agency charged with enforcing the statute, has *225 promulgated regulations interpreting the statute, commonly known as Regulation Z. The regulations reiterate the statutory requirements, and further clarify that to include VSI in the amount financed column, the insurance must protect against property damage, not risk of default on the credit contract, and that the insurer must waive subrogation rights against the debtor. 12 C.F.R. § 226.4(d)(2) & n. 5.
On appeal, Hicks asserts that the district court incorrectly concluded that the VSI fee offered by Star Imports was not mandatory. Despite signing a RISC which stated that the VSI fee was not mandatory, Hicks contends that her signature on the contract is not dispositive on the issue of whether she could purchase VSI insurance from an insurer of her choosing and seeks to introduce extrinsic evidence to prove otherwise.
We disagree and hold that the district court properly determined that the VSI fee was not mandatory. In determining whether extrinsic evidence is admissible to contradict the written terms of the contract, the Fifth Circuit in Anthony v. Community Loan & Inv. Corp., 559 F.2d 1363 (5th Cir.1977), held in the absence of fraud, duress, or illiteracy, the state parol evidence rule bars the introduction of evidence contradicting written disclosure requirements. See also Dixon v. S & S Loan Serv., 754 F.Supp. 1567, 1571-72 (S.D.Ga.1990); Kramer v. Marine Midland Bank, 559 F.Supp. 273, 284 (S.D.N.Y. 1983). The Anthony court reasoned that allowing parol evidence to contradict a signed disclosure statement would discourage consumers from reading the contract and availing themselves of the protections provided by the TILA. Anthony, 559 F.2d at 1363.
While Hicks urges that we adopt a substance over form approach looking beyond the express terms of the contract to determine compliance with the TILA, see Kaminski v. Shawmut, 494 F.Supp. 723, 729 (D.Mass.1980), we decline to do so. Regulatory language interpreting the TILA states that “[t]he creditor need not ascertain whether the consumer is able to purchase the insurance from someone else,” and suggests that the TILA is concerned primarily with providing borrowers with information that they have the right to buy VSI from insurers of their choice, and not assuring that borrowers actually exercise the right. Second, the Anthony approach encourages consumers to take a pro-active approach to enforcing their federal rights and alleviates problems of proof. As seen in this ease, the plaintiff signed the document without inquiring about the VSI insurance, but now claims that if she had tried to choose her own provider, the creditor would have refused. This type of claim, however, is based almost exclusively on speculations. We conclude that Hicks’s signature on a document stating that Hicks could obtain insurance from an insurer of her choice met Star Imports’s disclosure and voluntariness requirements under the TILA.
Finally, with respect to Hicks’s claims that Star Imports’s failure to produce the insurance policy should have precluded summary judgment, we conclude that the district court properly determined that Star Imports fulfilled its requirements under the TILA. Star Imports has always maintained that it passed the fee to First Virginia who purchased the policy. The TILA does not require Star Imports to oversee the purchase and terms of the VSI policy once Star Imports assigns the fee to a third-party.

AFFIRMED.